## A. M. Orr v. James Waterson.

1. VARIANCE—*what does not constitute, where allegations are general.* Where the allegations of the declaration are general and sufficiently broad to include proof made, no variance exists.

2. VERDICT—*when not set aside as against the evidence.* A verdict will not be set aside as contrary to the weight of the evidence unless clearly and manifestly so.

Action on the case. Appeal from the Circuit Court of Wabash county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1906. Affirmed   Opinion filed September 14, 1906.

E. B. GREEN and THEO. G. RISLEY, for appellant.

MUNDY & PHIPPS and H. R. FOWLER, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This was an action on the case brought by appellee against appellant to recover damages for personal injuries sustained while appellee was in the employment of appellant as a log-hauler. The substance of the charge found in each of the three counts of the declaration, to which the defendant pleaded not guilty, is that on September 12, 1903, defendant was the owner of land in Knox county, Indiana, under the management of defendant's agents, that plaintiff was employed in loading and hauling logs with a team of horses, log-wagon, chains, cant-hooks and other logging appliances, furnished by the defendant, and that defendant "negligently and wrongfully permitted and allowed said chains and appliances to be and remain in an unsafe and dangerous condition" whereby the plaintiff was injured. A trial by jury resulted in a verdict and judgment for $4,000, from which the defendant appealed.

Appellee and Ollie Moutray were in the employ of

appellant as log-haulers.  They were each supplied with a team of horses, log-wagon, chains, cant-hook and other necessary appliances for the business, and both had been engaged in hauling logs for some time prior to September 12, 1903, the day of the injury. On the day mentioned they were engaged in hauling logs, already cut and prepared, from a hillside to which they had previously been directed by Lee Orr, the superintendent.  In loading a large log upon the wagon driven by Moutray the wagon was brought alongside the log, the skids properly placed, with the log-chain around the log.  Moutray caught the logging chain with the grab hook, which was fastened to the double-tree, and drove the horses to roll the log upon the wagon.  Appellee, who was assisting Moutray in this operation, was behind the log for the purpose of chocking it with blocks on top of the bolster to prevent it from rolling off the wagon.  To properly adjust the log it was necessary to back the horses, which was done by appellee or on his direction.  When this was done, the grab-hook let go the chain, the log rolled back and appellee was caught between the log and a tree and his leg crushed. The direct cause of the injury is attributed by appellee to the defect or unfitness of the grab-hook in use on the Moutray wagon, and upon this theory the case was tried.  The grab-hook in use by Moutray was taken by him several days prior to the accident from another wagon belonging to one Beard.  Moutray's grab-hook had been broken and he was directed by Cad Orr, a superintendent of work on the farm, to use Beard's double-tree and grab-hook until the broken hook was repaired.  The Beard hook was too large for the chain and the purpose for which it was used, a fact not known to appellee, and appellee claims that by reason of this defect or unfitness, it was a dangerous appliance.

The first contention urged by appellant's counsel is that there is a fatal variance between the declaration

and the proofs. In this connection we may, at the same time, consider points 1, 2 and 3 of appellant's argument, as under each the relevancy or lack of evidence is the principal ground for the contention made.

Now, as to the variance. That a party must recover, if at all, on the case made by his declaration, and that in an action based on negligence the allegations of the declaration and the proofs must agree, is an ancient and well-established proposition of law, not only in this state, but wherever the common law procedure prevails. The difficulty in this case is not in determining what is the law with respect to variance, but in making the application urged by counsel. We first look to the declaration to see what is charged. In every count is found the allegation that "the plaintiff was employed by the defendant in loading and hauling logs with a team of horses, log-wagon, chains and other appliances * * * furnished the plaintiff" by the defendant. It is not alleged, as contended by counsel, that the injury to appellee occurred while loading appellee's wagon, in the particular sense that it was the wagon driven by appellee, but it should be taken that "said wagon" referred to the one driven by Moutray as well as to the one driven by appellee, for both were "furnished the plaintiff" and Moutray, and were appliances used by them in the work to which they had been assigned by their employer, the appellant. The need for a more specific allegation as to which was being loaded might have been ground for special demurrer; but having pleaded to the declaration, the allegation is not now to be construed as meaning one rather than the other, for it is sufficiently comprehensive to include both. The negligence charged is that the defendant "permitted and allowed the said chains and appliances to be and remain in an unsafe and dangerous condition." Here again the plaintiff might have been required to particularize, but was not, and, under the plea, evidence in proof of any defect in any appliance in use by plaintiff was admissible.

Whether appellee when injured was in the line of duty under his employment, and whether the defective or unsafe appliance complained of was furnished to him *and* Moutray for work in loading the wagon, are questions quite within the issues made by the pleading, to be determined by the jury from the evidence.   We are, therefore, of opinion that there was no variance between the declaration and proofs, that the modification of appellant's instructions 6 and 7 was proper, that it was not error to give appellee's instructions 9 and 13, and that there is evidence to which no objection was made, tending to prove all the material allegations in the declaration.   The question of whether appellant's foreman ordered appellee and Moutray to work together, whether the hook was defective and the cause of the injury, whether appellant furnished the hook or knowingly permitted its use or by the exercise of reasonable care should have known of its use, whether the appellee was guilty of contributory negligence or assumed the risk to which he was exposed, were, under the evidence, pleading and circumstances of this case, properly submitted to the jury; and their verdict, in the absence of prejudicial error in the proceedings, must be held as conclusive of the rights of the parties. There was conflict of evidence upon contested points, but we are not prepared to say that the verdict is contrary to the manifest preponderance, nor do we find in the record anything from which it may be said that appellant has been prejudiced in his right to a fair trial. The injury proved is serious and permanent, the pain and suffering great, and we do not think the damages excessive.   The judgment of the Circuit Court will be affirmed.

*Affirmed.*